This is an action of trespass and ejectment for the recovery of a tenement let. The case was originally brought and tried in a special Court of Common Pleas. It comes here by bill of exceptions, alleging four exceptions taken by the defendant. *Page 496 
1. The first is because the court overruled the defendant's plea to the jurisdiction. We think the plea was rightly overruled; for the declaration sets forth a cause of action within the jurisdiction of the court and the plea avers no new matter in derogation of it.
2. The second exception is because the court sustained the action notwithstanding the plaintiff had not given the defendant any previous notice to quit. We think no notice was necessary, the action having been brought under Gen. Stat. R.I. cap. 221, § 6, more than fifteen days after demand for rent due and in arrear. The defendant contends that notwithstanding his default, he was entitled to notice to quit as tenant by sufferance. We think otherwise. He was rather in the condition of a tenant who has incurred a forfeiture of his lease and is liable to be reentered upon and sued out immediately without notice to quit. Taylor on Landlord and Tenant, § 488.
3. The third exception is because the court refused to nonsuit the plaintiff corporation on motion of the defendant after the evidence in support of the action had been submitted. The defendant contends that the evidence did not show that the relation of landlord and tenant existed between the corporation and the defendant. We think, however, that there was some evidence of the existence of such a relation, and if there was any, even the slightest evidence, we cannot on a bill of exceptions review the question of its sufficiency. A bill of exceptions is appropriate to correct only errors of law, not errors of fact, committed by the court below. Walker v.Penninam, 8 Gray, 233. It has been held that it does not lie for a refusal to order a nonsuit. Wentworth v. Leonard, 4 Cush. 414; Morgan v. Ide, 8 Cush. 420.
When a case is tried, as this was tried, in a court having jurisdiction to determine both questions of law and questions of fact, it sometimes happens that matters of law and evidence are intermingled in the bill of exceptions so as to leave it in doubt whether any error has been committed, or, if any, whether it is an error of law or of fact. When such is the case the court can give no relief, for it must be satisfied that an error of law has been committed before it will undertake to correct it. Where cases are tried without the intervention of a jury, therefore, special care should be taken to have all matters of law so disengaged from *Page 497 
matters of fact and so distinctly determined, that the rulings thereon can be clearly set forth on the record for revision.
4. The fourth exception is because the court refused to admit certain testimony offered by the defendant to prove that the plaintiff corporation had no valid title to the tenement in suit. We think the bill of exceptions does not show any error in this. The only ground, so far as it appears, on which the corporation claimed the right to recover the premises, was that the defendant hired them directly from the corporation through its agent. This being so, it was immaterial whether the title of the corporation was valid or not, for even if the title was void, the defendant as tenant could not be permitted to dispute or deny it so long as the true owner left him unmolested in his occupation. Taylor on Landlord and Tenant, § 705.
The exceptions are overruled and the judgment of the special Court of Common Pleas affirmed, with costs of this court.
Exceptions overruled.